```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
DIANE JULIA WYLIE,                       :
                      Plaintiff,         :
                                         :     07 Civ. 6045 (DLC)
           -v-                           :
                                         :     MEMORANDUM OPINION
BEDFORD HILLS CORRECTIONAL FACILITY OF   :         AND ORDER
THE STATE OF NEW YORK, DR. KRAMER,       :
NURSE ROBERT'S OFFICE OF MENTAL HEALTH,  :
OFFICER GENTILE, and CENTRAL NEW YORK    :
PSYCHIATRIC CENTER,                      :
                      Defendants.        :
                                         :
----------------------------------------X
```

Appearances:

Plaintiff Diane Wylie, pro se:
ICP-A-321 Hospital Building
Bedford Hills Correctional Facility
P.O. Box 1000
247 Harris Rd.
Bedford Hills, NY 10507

For Defendants:
Daniel A. Schulze
Assistant Attorney General
Office of the Attorney General, State of New York
120 Broadway - 24th Floor
New York, NY 10271

DENISE COTE, District Judge:

   Plaintiff Diane Wylie ("Wylie") is an inmate in the Psychiatric Center at the Bedford Hills Correctional Facility ("Bedford Hills"). She reports that she is serving a sentence of 25 years to life imprisonment. She has filed a complaint pursuant to 42 U.S.C. § 1983 alleging principally that she was

not given adequate dental care, was given unnecessary medication which caused brain damage and other injuries to her, was sexually assaulted, and had her personal property stolen.  Wylie seeks monetary damages, and also requests that her personal safety and medical and dental care be assured in the future.

Motions to dismiss have been filed by defendants Central New York Psychiatric Center ("CNYPC"), Bedford Hills, Officer Gentile, and Nurse Roberts ("Roberts").  Following a February 13, 2008, conference with the parties held before Magistrate Judge Douglas F. Eaton in which Wylie participated by telephone, an Order dated February 14, 2008, was issued permitting Wylie to file opposition to the pending motions on or before March 31; any reply to her opposition was to be filed by April 16.  Since that time, Wylie has submitted letters of February 16, March 8, 10, and 16, and April 5, some portions of which are intended to present Wylie's opposition to the pending motions.[1]  Counsel for the defendants has waived reply.  For the following reasons, the motions to dismiss filed by Bedford Hills, CNYPC, and Officer Gentile are granted; the motion to dismiss filed by Roberts is denied.

When considering a motion to dismiss under Rule 12(b)(6), a trial court must "accept as true all factual statements alleged

---

[1] Wylie's letter of December 25, 2007, also indicates that it is in response to CNYPC's motion.

2

in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted). At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted). A court must apply a "flexible plausibility standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (citation omitted). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Finally, in applying these standards here, it should also be noted that Wylie is proceeding pro se, and that this Court has an obligation to read her submissions liberally and interpret them to raise the strongest arguments that they suggest. See, e.g., Wright v. Comm'r, 381 F.3d 41, 44 (2d Cir. 2004).

First, Wylie's claims against Bedford Hills and CNYPC must be dismissed because those entities are both agencies of the State of New York, and thus are not subject to suit under §

1983. See Will v. Michigan Dept's of State Police, 491 U.S. 58, 71 (1989). Her claims against these defendants for damages are also barred by the Eleventh Amendment. See generally Bd. Of Trustees of the Univ. of Alabama v. Barrett, 531 U.S. 356, 363-64 (2001); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Quern v. Jordan, 440 U.S. 332, 338 (1979).

Second, Wylie's allegations against Officer Gentile do not state a claim under § 1983 and the Eighth Amendment. Wylie describes one offensive comment made by Officer Gentile and alleges that he "sexually harassed" her "on several other occasions." While "there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can . . . constitute an Eighth Amendment violation," where the alleged conduct is limited to "isolated episodes of harassment," and no single incident is severe, a plaintiff does not state a claim under the Eighth Amendment. Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997) (citation omitted). Such actions "are despicable . . . [b]ut they do not involve a harm of federal constitutional proportions as defined by the Supreme Court." Id. Wylie's claim against Officer Gentile must therefore be dismissed.

Third, Wylie alleges that Roberts "administered medication which was unnecessary and rendered me unconscious," and that, while unconscious, she was "sexually assaulted by unidentified

4

officers." She also alleges that these mediations gave her "brain damage" that rendered her "incompetent and unable to understand basic reading and writing." Roberts argues that this claim must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),[2] which provides that in proceedings in forma pauperis (such as the instant action), a district court may dismiss a claim when it determines that the claim is "frivolous." Cf. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (noting that this standard also applies in cases in which the filing fee has been paid). "A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted) (discussing a prior version of § 1915). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them," but dismissal under this provision is not appropriate "simply because the court finds the plaintiff's allegations unlikely." Id. at 33. Here, although Roberts has identified several accusations made by Wylie in her

---

[2] Roberts cites § 1915(d), the section in which this rule was previously stated.

5

various letters that would meet this standard, the specific allegations made against Roberts in the complaint cannot be considered "fanciful." Even if the scenario described in the complaint is considered "unlikely," that is simply not sufficient to obtain dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).[3]

Nevertheless, it should be noted that Judge Eaton's Order of February 14, 2008, indicates that Wylie has expressed that she would "probably consent to dismissal of her Complaint as to Nurse Roberts." This Order directed Wylie to indicate in her opposition whether she consented to dismissal of her complaint as to any specific defendants. A review of her letters does not reveal that she has done so, however. Accordingly, an Order issued in conjunction with this Opinion will direct Wylie to indicate in writing, no later than June 6, 2008, whether she intends to continue with her action against Roberts. Failure to make such a submission to the Court will result in dismissal of the claim against Roberts.

---

[3] Roberts also makes a one-sentence argument that Wylie's "incredible allegations are not sufficient to overcome her qualified immunity defense." This cursory presentation of the qualified immunity defense is insufficient to allow the Court to dismiss Wylie's claim against Roberts at this stage. If necessary, such a defense may be presented in greater detail in connection with a motion for summary judgment.

6

CONCLUSION

The motions to dismiss filed by defendants Bedford Hills, CNYPC, and Officer Gentile are granted; the motion to dismiss filed by defendant Roberts is denied.

SO ORDERED:

Dated:   New York, New York
         May 8, 2008

                                    _____
                                            DENISE COTE
                                    United States District Judge

**COPIES SENT TO:**

Diane Julia Wylie
00-G-0602
Bedford Hills Correctional Facility
P.O. Box 1000
247 Harris Rd.
Bedford Hills, NY 10507-2499

Daniel Schulze
Assistant Attorney General
Office of the Attorney General
120 Broadway
New York, NY 10007